IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

Misty Ann Andrews,

    Petitioner/Plaintiff,

        v.

United States Department of State, *et al.*,

    Respondents/Defendants.

Case No. 3:24-cv-01675

Judge James G. Carr

**ORDER**

    This is a *pro se* mandamus action. Plaintiff is an American citizen and wife of Mo'ath Mahmoud Suleiman, a Jordanian national. She seeks to compel the State Department and its officials to cause its Consular Officials in Amman, Jordan, to act upon her husband's pending visa application. (Doc. 1).

    Pending is the Defendants' Motion to Dismiss (Doc. 5). Plaintiff has filed an Opposition. (Doc. 6). And Defendants have filed a Reply. (Doc. 7).

    In essence, Plaintiff asks this Court to declare Defendants have violated the Administrative Procedures Act (APA), 5 U.S.C. §§ 701, *et seq.* She further prays for a judgment declaring that Defendant's Controlled Application and Review Resolution Program (CARRP) violates the constitution and the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101, *et seq.* and INA's regulations.

    After reviewing the initial filings, on March 31, 2025, I ordered the parties to provide further briefing, specifically on the issue of whether the case of, *Omar v. Blinken,* No. 3:24-CV-60, 2024 WL 4803847, at *1 (S.D. Ohio Nov. 15, 2024) (Rice J.), applies to the instant case. And if so, given certain questions I outlined for the parties, whether I should follow Judge Rice's rationale and deny Defendants' Motion to Dismiss or distinguish the case and grant it.

1

Plaintiff responded quickly. (Doc. 9). She argued the cases are so strikingly similar, I should deny Defendants' Motion. Plaintiff's primary argument is courts may hear APA claims for unreasonable delay, and that is exactly what is occurring here. She further, rather artfully I might add, distinguished *Baggil v. Miller,* 14 F.4th 276 (6th Cir. 2021). She did so by arguing Judge Sutton "underscored the limited scope of judicial review when an consular office denied a visa on substantive, statutory grounds." (Doc. 9, PgID 234) (citing *Id.* at 432-34). Plaintiff distinguishes this case by arguing her husband's visa is still being administratively processed.

Defendants, after seeking a continuance, filed their responsive briefing on April 17th. (Doc. 11). Acknowledging a federal court's jurisdiction over APA cases challenging unreasonable delays of visa adjudications, they in turn, argue this is not such a case. Instead, Defendants point to a recent decision of my colleague, Judge Patricia A. Gaughan, in arguing Defendants have adjudicated the application by refusing it and returning the petition to the U.S. Citizenship and Immigration Services (USCIS). See, *Yared v. Nepal*, No. 1:24-CV-2114, 2025 WL 1067738 (N.D. Ohio Apr. 9, 2025).

Though not fully satisfied with the Government's responses to my specific questions, for the reasons that follow, I grant Defendants' Motion and dismiss Plaintiff's Complaint.

## Background

On July 30, 2022, Plaintiff filed a Form I-130 (Petition for Alien Relative)[1] on behalf of her spouse with the USCIS and paid the requisite fees. (Doc. 1, PgID 4). Upon its approval on August 25, 2023, USCIS forwarded it to the National Visa Center (NVC), a division of Defendant, the Department of State, for processing (*Id.*). NVC forwarded the Petition to the U.S.

---

[1] Defendants indicate the type of visa for which Plaintiff applied is a family-based immigrant visa category 8 U.S.C. §§ 1153(a), 1154(a)(1)(A)(i), (a)(1)(B)(i)(I); 8 C.F.R. § 204.1(a)(1). Generally, obtaining a family-based immigrant visa is a two-step process, involving two different applications filed with two different agencies, and reviewed by two different people. (Doc. 5, PgID 48).

2

Embassy in Amman, Jordan. (*Id.*). Mr. Alzubi was interviewed at the U.S. Embassy on or about March 4, 2024. (*Id.*).

Defendants, for the most part, agree with Plaintiff's relevant facts as outlined above.

The Complaint alleges that since the interview and despite Plaintiff's efforts, Defendants have taken no action on the petition. (*Id.*) Here, Defendants' agreement ends.

## Discussion

Defendants assert this case should be dismissed under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). (Doc. 5, PgID 43). Defendants' Rule 12(b)(1) challenges to this Court's jurisdiction are legal in nature. So I will assume Plaintiff's factual allegations are true, which is the standard of review for a motion made under Rule 12(b)(6). See, *Omar v. Blinken, supra* at *3.

In support, Defendants argue the matter is moot because Defendants have adjudicated the application – albeit adversely to Plaintiff and her husband. Therefore, they argue, the Court lacks judicial review over cases, such as this one.

The *Omar* decision discusses the approval process outlined here. After USCIS preliminarily approves a visa petition, it transfers the matter to the NVC.[2] At this point, the immigrant must file a separate Application for Immigrant Visa and Alien Registration (Form DS-260). Upon payment of the fees and submission of required documentation by the noncitizen, the NVC must schedule an interview with a consulate in the country in which he or she is located.[3]

"When a visa application has been properly completed and executed…the consular officer must issue the visa, refuse the visa under INA 212(a), [8 U.S.C. § 1182(a) which pertains

---

[2] See, https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition/step-2-begin-nvc-processing.html.

[3] *See Id.,* Step 10.

3

to health, certain crimes, prostitution, security grounds - including association with terrorists, foreign policy, public charges, labor/employment, and immigrant violators] or 221(g) [8 U.S.C. § 1201(g)] or other applicable law; or pursuant to an outstanding order under INA 243(d) discontinue granting the visa." See 22 C.F.R. § 42.81(a).

In this case, on March 4, 2023, the consular officer interviewed Mr. Mahmoud Suleiman. I take judicial notice that according to the Department of State's, Consular Electronic Application Checker, the consular officer denied Mr. Alzubi's immigrant visa application. And his application was marked "refusal." (Doc. 5, PgID 44-5).[4]

The language on the form states: If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing." The consular official returned the petition on May 23, 2024 to USCIS for revocation. (Doc. 5-2, PgID 62).[5]

In response, Plaintiff argues her husband's application status of "refusal" is a "blanket term used by the Department of State (DOS) to continue administrative processing." It is not, she argues, a final adjudication. (Doc. 6-1, PgID 66).

---

[4] See, https://ceac.state.gov/ceacstattracker/status.aspx. The case was created on August 30, 2023 and last updated on January 22, 2025.

[5] In support of their Motion, Defendants include the Declaration of Alexandra Tate, DOS Attorney Advisor. (Doc. 5-2). Defendants properly argue that a court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." (Doc. 5-1, PgID 48, citing, *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011). While I agree with Defendants that I have broad discretion to consider external materials, attaching an affidavit of that caliber, generally takes the motion outside the realm of a motion to dismiss. Under Rule 12(c), I have discretion either to consider evidence extrinsic to the pleadings, and convert Defendants' Rule 12(b) motion to a Rule 56 motion for summary judgment, or to exclude such evidence. *Simmons v. Med. Coll. of Ohio*, No. 3:04 CV 7227, 2004 WL 2713082, at *2 (N.D. Ohio Nov. 23, 2004) (Carr J.) (citing *Adler v. John Carroll University,* 549 F. Supp 652, 654 (N.D. Ohio 1982)). I choose to disregard it.

As noted previously, Judge Patricia Gaughan of the Northern District of Ohio, recently addressed a similar case. In *Yared v. Nepal*, *supra,* the plaintiff filed a visa petition on behalf of her fiancé. He appeared for an interview at the U.S. Embassy in Jordan where the consular officer refused the visa application and placed the application in "administrative processing."

Judge Gaughan noted, as do I, the issue that was before her and now is before me, is unsettled. (Doc. 11 – 04/09/2025 Order, PgID 170, fn 3). As she aptly noted, some courts have concluded a refused visa placed in the status of "administrative processing," is not fully adjudicated. (*Id.*), See *e.g., Awal v. U.S. Dep't of State*, 2024 WL 4979661, at *8–9 (D. Minn. Dec. 4, 2024). While other courts have concluded doing so is the only "discrete agency action" required of the State Department and its officials. See, *e.g.*, *Karimova v. Abate*, 2024 WL 3517852, at *4 (D.C. Cir. July 24, 2024) (per curiam); *Pegah v. Blinken*, 2025 WL 6293434, at *3–4 (S.D. Tex. Feb. 4, 2025).

Finding the plaintiff could point to no law, no regulation, and no specific citation requiring defendants to take further action, Judge Gaughan aligned her decision with the *Karimova* Court and those courts that hold a denial is equivalent to full adjudication. *Id.*[6]

Further, as I read *Omar v. Blinken, supra*, Judge Rice, providing a thoughtful and thorough outline of the positions various courts have taken, also agrees with the Defendants'

---

[6] *See also, Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) ("[The APA] does not give [a court] license to 'compel agency action' whenever the agency is withholding or delaying an action [the court] think[s] it should take."); *Yaghoubnezhad v. Stufft*, 734 F.Supp.3d 87, 103 (D.D.C. May 9, 2024) (rejecting plaintiff's APA claims finding defendant's denial was final and refusing to distinguish procedure from substance under doctrine of consular nonreviewability); *Conley v. Dep't of State*, 731 F. Supp. 3d 104, 111 (D. Mass. Apr. 16, 2024) (finding constitutional infringement exception to doctrine of consular nonreviewability did not apply); *Chang v. Dep't of State*, 2024 WL 3161895, at *2 (W.D. Wash. June 25, 2024) (rejecting claim as not "unreasonably delayed" by applying the *"TRAC"* factors); *Ahromi v.Blinken*, 2024 WL 3396071, at *7 (D. Ariz. July 12, 2024) ("Visa-related matters are within the purview of the Executive Branch except in very rare situations….This is not one of the exceedingly rare situations…..").

5

position on the Government's visa processing duties under the Code of Federal Regulations. "A plain reading of § 42.81(a) and § 41.121(a) indicates that the refusal that occurred here, a refusal under INA 221(g), is all that the regulations require [and] as a result…while the applicable regulations do create some nondiscretionary duty, that duty is fulfilled by a 'denial' under 221(g)." *Omar supra,* 2024 WL 4803847 at *8.

Turning to this case, the consular officer similarly chose the second option, refusing the application under INA § 221(g). Further, the regulations indicate:

> If, in the course of the visa inquiry, the consular official comes to believe that Immigration Services should not have initially approved the I-130 petition, the "consular officer shall ... return the petition ... [to Immigration Services] for reconsideration." 22 C.F.R. § 42.43(a). Upon return of the petition to Immigration Services, an immigration officer may, after providing notice, "revoke the approval of" the lawful permanent resident's I-130 petition.

8 C.F.R. § 205.2(a).

Defendants' assertion is logical. By "refusing" the visa application and returning the case to USCIS for revocation, Defendants no longer have authority or responsibility. (Doc. 7, pgID 217-18, citing 8 C.F.R. § 205.2). Thus, I accept the Defendants' argument that their processing obligations are complete.

As a final note, Plaintiff urges me to find this Court has subject matter jurisdiction under the APA. Defendants ask me to find it does not, in part because the APA was enacted after the application of consular nonreviewability and does not supersede a well established line of case law. (Citing *Baggil v. Miller*, 1 F.4th 427 (6th Cir. 2021); *see also*, 5 U.S.C. § 702).

The doctrine of consular nonreviewability means that, as a rule, federal courts cannot second guess a consular officer's decision to deny a visa. I adopt the reasoning of Judge Rice in his *Omar* decision. In examining the Plaintiffs' claims under the APA, he rejected blanket applicability of the doctrine of consular nonreviewability to divest federal courts of jurisdiction.

6

Following the rationale in *Patel v. Reno,* 134 F.3d 929 (9th Cir. 1997) and other cases, he found the court – in certain situations – does have jurisdiction "to compel the consul to make a decision on … visa applications." *Omar v. Blinken, supra* at *5-6. (citing *Alwan v. Risch,* No. 2:18-CV-0073, 2019 WL 1427909 at *4 (S.D. Ohio Mar. 29, 2018) (Marbley, J.)).

Delving further into *Omar,* under the two-prong analysis under the APA, Judge Rice held it is appropriate to determine: (1) whether the agency "failed to take a discrete agency action that it is required and (2) that an unreasonable delay has occurred."

I find that Defendants did not fail to act as required. So, the analysis ends there.

### Conclusion

In this case, Defendant advises the visa application was not only refused under INA 221(g) in satisfaction of 22 C.F.R. § 42.81(a), but the underlying petition was also returned to USCIS to consider revocation. See 8 C.F.R. § 205.2(a). I would like to say this is an unreasonable delay for which – I believe – federal courts do have jurisdiction. However, based on what is presented before me, Defendants have done what they were required to do. The petition was returned with the possibility that USCIS will revoke the initial approval.

Therefore, I join my colleague Judge Gaughan and find this Court does not have jurisdiction to further adjudicate the issues presented in this case. See, *Mehanna v. USCIS*, 677 F.3d 312, 315 (6th Cir. 2012).

It is, accordingly, hereby ORDERED THAT:

1. Defendants' Motion to Dismiss (Doc. 5) be, and the same hereby is, **granted;** and

2. Plaintiff's Complaint (Doc. 1) be, and the same hereby is**, dismissed with prejudice.** So ordered.

Date: May 16, 2025

/s/ James G. Carr
Senior U.S. District Judge