IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MISTY ANN ANDREWS,**      CASE NO. 3:24 CV 1675

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**UNITED STATES DEPARTMENT OF STATE, et al.,**

    Defendants.      **ORDER**

Currently pending before the Court[1] is Plaintiff Misty Ann Andrews's Motion to Expedite Issuance of Official Final Decision. (Doc. 14). Therein, Plaintiff requests the Court order Defendants to issue an official written decision on the immigrant visa application of her husband, Mo'ath Mahmoud Suleiman Alzubi within thirty days. *See id.* at 2.

On May 16, 2025, Judge Carr granted Defendants' Motion to Dismiss Plaintiff's Complaint seeking the same relief. *See* Doc. 12. Therein, he found the Court "does not have jurisdiction to further adjudicate the issues presented in this case." *Id.* at 7.

In Plaintiff's motion, she acknowledges the Court "issued a ruling indicating it would extinguish the case in favor of the Defendants" but, despite that ruling, "Defendants have not issued Plaintiff any official written communication or final decision on the visa application." (Doc. 14, at 2). She asserts: "While this Court may not direct the substance of the decision, it is both reasonable and necessary that Defendants issue an official written decision so that Plaintiff has clarity and the ability to exercise her legal rights." *Id.*

---

1. This matter was reassigned to the undersigned upon the retirement of District Judge James G. Carr.

Plaintiff's motion is, in essence, a motion for reconsideration or to alter or amend the Judge Carr's prior judgment dismissing the case for lack of jurisdiction because Defendants' "processing obligations are complete." (Doc. 12, at 6); *see also id.* at 7 ("I find that Defendants did not fail to act as required. So, the analysis ends there."). That is, she asks the Court to act where it previously determined it could not.

Motions for reconsideration filed post-judgment are treated as Motions to Alter or Amend Judgment pursuant to Rule 59(e) or Motions for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See Lommen v. McIntyre*, 125 F. App'x 655, 658-59 (6th Cir. 2005). Rule 59(e) permits a court to alter judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e) must be brought within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Similarly, Rule 60 authorizes relief from judgment for, among other reasons, mistake, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b). These are "narrow grounds for obtaining post-judgment relief[.]" *Leisure Caviar*, 616 F.3d at 616.

Neither Rule 59 nor Rule 60 provide a basis for the relief Plaintiff seeks. First, any Rule 59(e) motion is untimely as Plaintiff's motion was not brought within 28 days of the Court's May 16, 2025, judgment. Second, Plaintiff does not demonstrate mistake, excusable neglect, newly discovered evidence, or fraud to entitle her to relief from the Court's final judgment under Rule 60(b).

Plaintiff disagrees with this Court's determination, and asks the Court to order Defendants to take further action. But the Court found Defendants had not failed to act where they were required to do so. *See* Doc. 12, at 6-7.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Expedite Issuance of Official Final Decision (Doc. 14) be, and the same hereby is, DENIED.

     s/ *James R. Knepp II*
     UNITED STATES DISTRICT JUDGE

Dated: October 3, 2025